No. 55071.—American Cyanamid Company v. United States, protest 160281–K (New York).

JOHNSON, Judge:   The merchandise at issue in this case consists of certain drums imported as containers of hot, pressed naphthalene, a duty-free merchandise. Duty was assessed thereon at the rate of 25 per centum ad valorem under paragraph 328 of the Tariff Act of 1930, as cylindrical iron or steel vessels. The plaintiff claims that the drums are the usual and ordinary containers of a duty-free merchandise which are incapable of further use.

At the trial of this case it was stipulated and agreed between counsel as follows:

*       *       *       *       *       *       *

1.   That the merchandise covered by the above-enumerated protest consists of metal drums, which, as imported, contained naphthalene such as is described and provided for in paragraph 1651 of the Free List of the Tariff Act of 1930;

2.   That said drums were assessed with duty at the rate of 25 per cent ad valorem under paragraph 328 of said Act, on the theory that, after their contents were removed, they might again be used as containers;

3.   That, prior to the shipment of said merchandise to the United States, said naphthalene, in liquid form, was poured into said drums through a vent which was thereupon closed and sealed; that said naphthalene then solidified and, as imported, was a solid substance; and that said naphthalene could not be removed from said drums after importation, without destroying said drums;

4.   That, in order to remove said naphthalene from said drums after importation, it was necessary to split the drums open by means of a pneumatic hammer or similar tool; that said drums were so destroyed in removing their contents and thereupon became incapable of further use as containers; and that such destruction of said drums was in accordance with the general trade practice in removing solidified naphthalene from metal drums;

5.   That said drums were usual and ordinary containers of said napthalene [sic], were used solely for the transportation thereof, were not usable as containers after said-naphthalene had been removed therefrom, and were not so used;

6.   That the above-enumerated protest may be submitted on the official papers therein and on this stipulation.

This case is on all fours with the case of *Calco Chemical Division—American Cyanamid Company et al.* v. *United States*, 25 Cust. Ct. 248, Abstract 54571, wherein naphthalene drums, which were emptied of their contents by splitting the drums open by means of a pneumatic hammer or similar tool because of the fact that the contents were solidified in the drums, on the authority of *Wm. A. Foster & Co.* v. *United States*, 68 Treas. Dec. 384, T.D. 47922, were held entitled to free entry as the usual and ordinary containers of a duty-free merchandise.

In view of the foregoing agreed statements of fact and following Abstract 54571 and the case therein cited, judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duty taken upon said drums.